Case No. 14-5203, Watervale Marine Co., Ltd. as owner of the MV Aguirreos Emilianos et al. appellants, Makator Line, Singapore, PTE, Ltd. as owner of the MV Gu Ray Prim et al. v. United States Department of Homeland Security et al. Mr. Hartman for the appellants, Ms. Murphy for the appellees. Case No. 14-5203, Watervale Marine Co., Ltd. as owner of the MV Aguirreos Emilianos et al. Good morning. Good morning, Your Honor. Reserved four minutes for rebuttal. May it please the Court. My name is Barry Hartman, counsel for the appellants, along with me is Mr. Michael Chalice. Our presentation today is three parts, a brief statement of our issue and position, a very brief background for the Court's benefit if it needs it, and finally our argument. The case today revolves around the interpretation of Section 1908E of the Act to Prevent Pollution from Ships. That section authorizes the Coast Guard. Counsel, we've read your brief, so let me go right to some of the questions that puzzle me. The bond that would be presented in this case, or any case, would cover what? Penalties and fines. That would be adjudged after a proceeding, right? Correct. It is not a bond that would ever be collected on unless the government were to prove its case against the carrier. Correct. So if the ship leaves and takes off and it's necessary to have the ship in order to make the case, the bond is worthless. It's not necessary to have the ship to make the case. No, but let's assume it is. If it's necessary to have the ship, then the ship can be detained and not allowed to leave, period. All right, so the ship can be detained if there's a potential prosecution. Yes. Now, suppose there's a potential prosecution. Is that handled by the U.S. Attorney's Office? Department of Justice, yes, along with the Coast Guard. With the Coast Guard. Yes. Could the court impose all of the conditions that were imposed in the bond in this case? No. Why not? Well, the conditions that we're talking about are not financial. They're non-financial. No, no, no. I'm talking about not the bond. I'm talking about whether the court can do it. No. Why not? Well, one of the conditions that was in the security agreement requires that the company pay to house all the employees and pay essentially the cost of investigation. On the district judge, right? Yes. The government comes in and asks for these preliminary rulings so that we government can present our case. So we want a preliminary ruling by the judge, temporary orders, holding certain individuals here so that they can testify. Yeah, material witness warrant. Material witness. Yes. And the judge says, yes, okay. Yes, the judge can do that. Okay, the judge could impose all these conditions on his own. Pursuant to statute. There's a statute that governs that, correct. What statute? It's 18 U.S.C. Hold on one moment. Oh, but I won't diverge. It's in our brief. 18 U.S.C. 3144. So the judge could impose all these conditions? If the government meets the standards, yes. Yes. So every one of these conditions could be imposed by the judge as part of the prosecution? Under statute, yes. Okay. Yes. Now, then the government comes to you and says, since we can go to the court and impose all of these conditions, we will settle with you so that you agree to the conditions beforehand so we don't have to go to court for that. No, let me correct my statement. Why not? Because while the court could issue a material witness warrant and hold the witnesses, the government pays for it, not the company. Under this provision, the company pays the whole thing. Well, suppose there is a negotiation and you agree. A voluntary negotiation or involuntary? Well, the government's not going to release your ship. The government can hold the boat, you know that. I mean the government can hold the boat. The government could detain the boat indefinitely, that's correct. Right. Well, not indefinitely. Not indefinitely. There's a statute that provides that you have a cause of action if the government holds the boat unreasonably long. Only for damages. The government could detain. So the government says, okay, we've got a case against you. We can detain you in order to make our case, but we will let you go if you meet all these conditions. Not as part of the bond, but as part of our prosecution. Why not? The government doesn't have authority to make you agree to something the government doesn't have. The government says, look, we're going to either detain you so that we can have all the witnesses and we have the boat here, or we can let you go. If we let you go, we'll let you go only upon these conditions. Again, I'm not doing this as part of the bond. You make a very interesting argument that a bond can't, you can't impose conditions on a bond. It's just a separate agreement between the parties. But I don't see any reason why the government can't extract these conditions as part of a potential prosecution. Well, the question is whether the government can extort those conditions as part of a prosecution. Wait a minute. Since you agree the government could get these conditions from a federal judge. So why can't the government bargain with you and say, okay, we'll let your boat go, but only upon these conditions? We're not doing this as part of the bond. We're doing it as part of our right to retain the ship. The government can't get some of those conditions through a federal judge. It can't get a federal judge to force the defendant to pay, for example, transportation wages, housing. Why can't I? There's no statute that authorizes it. And the First Circuit case in Bevilacqua specifically notes that the government can't shift the cost of prosecution and investigation to a defendant. There are statutes that allow some of this to occur. Let me change Judge Silverman's hypothetical a little bit. What if it was the company that sought for that sort of agreement? I mean, you acknowledge that the secretary can detain the vessel in port during the course of the investigation. What if the company said, well, we've got to get on with our shipment, so here's a $5 million bond, and we'll agree to leave folks in port so there'll be material witnesses. What if that suggestion came from the company? Would the secretary have the authority to enter into that type of agreement? No. Why not? I don't believe the company could agree to do it on its own. I don't dispute that. I don't believe the government has the authority to enter into an agreement that's beyond its statutory authority. And I can give you an example. You conceded that the government can hold the ship, right? The government can hold the ship. That's pretty expensive. Yes. That's going to cost you a fortune. The government, cannot the government say, okay, we'll let the ship go? Forget the bond. We'll let the ship go if you meet these conditions. No. What if the government said, here's the condition, leave your firstborn here? Well, there's always constitutional constraints on what the government does. Okay, what if the government said, here's the condition, forfeit all of your bank accounts around the world. It's just beyond your statutory authority, but it's not constitutional. Can they do that? I'm sorry, I shouldn't have asked that question. I'd like to apologize. I'll leave both of them on the table. No, no, the point. Well, how about this? How about this? These are conditions relevant to the prosecution. If I may give the court an example of why the government can't enter into an agreement beyond its statutory authority. Can I just ask you this question just to channel a little bit? Yes. Let's just assume for argument purposes that there are certain conditions that the government can't impose, or can't agree to. Because, as Judge Griffith says, you could volunteer them. But because they're unconstitutional or ultra-various in some way. But is it your position that the government can't enter into an agreement that concerns any non-financial conditions? Not under this statute. There may well be other statutes the government could act under, but this particular agreement. Even on a voluntary basis. Judge Silverman's point is, take the bond out of the equation. All the government wants to do is to enter into an agreement with you that incorporates some non-financial conditions as the predicate for releasing the ship. You're saying no non-financial conditions even on a voluntary basis with the company? Under this statute. Why do you get that? The first part of the statute says that if reasonable cause exists to believe a ship, its owner, operator, or person in charge may be subject to a fine of civil penalty under this statute, the Secretary of the Treasury, upon the request of the Secretary, that's of course HHS, shall refuse to or revoke the clearance required by Section 60105. So the government can hold that ship as long as there's reasonable cause. Because this is that, yes. Okay. So the government says, I'm going to hold this ship forever. It's going to take eight months for prosecution. That's fine. We'll let it go earlier, but only under these conditions. Okay. You don't want to buy these conditions? Then you stay for three months. The government could well do that, and of course there are other remedies available to have the vessel out. What remedies are available? Well, after the fact, if the detention was unreasonable, you could get some damages. Well, I know. But the government can't use that statute to, for example, say, keep the witnesses here. No, but just on the question of non-financial conditions, your position is non-financial conditions are out of bounds. And I guess it sounds like you're now thinking that even under this statute, at least there's some non-financial conditions that can be entered into as a precondition to letting the ship go. If I said that, I misspoke, Your Honor. Your reply really says, the authority given to customs regarding granting vessels clearances in the permissive form, because this is on page 17, because there can be other reasons aside from the posting of satisfactory financial security why customs clearances may still be withheld. That's customs, not customs. Customs is part of the Department of Homeland Security. But they're part of it. Let's assume, for present purposes, I don't care about the distinction between customs and the Coast Guard. I know that you have an argument that says that that matters. But let's just assume I'm just talking about the Secretary, since that's what the statute says. So customs, which is part under the Secretary's umbrella, you're saying, can enter into an agreement that concerns non-financial conditions under this statute. Customs may have other authorities that aren't cited here to enter into non-financial conditions. They may have. I don't know what they are. Customs, for example, is the gatekeeper for 50 other agencies, including ATF, DEA. You know, if there's reasons under this statute. So the Secretary that's referred to in this statute can enter into an agreement that concerns non-financial conditions. It may detain the vessel and do that, but not under the surety bond provision. Correct. It may detain. There are two different provisions of the statute. I have a hard time not distinguishing them. One says the Secretary, customs, may grant clearance, and we haven't really debated what those conditions are. The other says upon the filing of a surety or bond satisfactory to the Coast Guard. We're only talking about a bond surety satisfactory to the Coast Guard. The agreement itself says this agreement is entered in pursuant to that provision of the statute. That's what we're talking about, the exercise of that section of the statute. But we're actually broadening our consideration to ask whether, even if the last section of that statute, 1908, was not there, there was no provision whereby clearance may be granted upon the filing of a bond or other surety satisfactory to the Secretary, whether the Secretary, either as part of a settlement of the contempt pending litigation, or as a condition whereby it would allow the ship to leave, could impose certain conditions. If a statute defines that authority, then it could. If there's a statute that defines not... I don't know why the statute itself doesn't implicitly suggest that. The Secretary has a right to hold it, to hold the ship, if there's reasonable cause to believe there's a penalty. So why can't the Secretary say, well, okay, I have the right to hold the ship and all the passengers, I mean all the crew, in here. But since I realize that'll cost the ship owner an awful lot, I will allow the ship to go, but under these conditions. Well, again, the Secretary doesn't have any authority to hold the crew. That section only relates to the ship, not the crew. Okay, that's a fair point. But what about the witnesses? Witnesses are the crew. What about material witnesses? The Secretary does not have the authority to hold them unless the Secretary goes to court on this 13th or 14th. Okay, if it goes to court. And a court approves it. Okay, but if a court can approve that, then we can settle it in advance. Anything the court can approve, we can settle privately. A court cannot approve the payment of the wages to those witnesses. Wait, wait, wait, but anything the court could approve, we could settle, right? More than likely, yes, because there's authority. Okay, so therefore you concede, you have to, that the government could say, okay, we'll let the ship go only upon conditions that the court could approve. If I choose not to fight those conditions, I can say, yes, I recognize you can go to court and get those conditions. Okay, so that's enough. That's enough to establish Judge Srinivasan's last point, which is the government can insist on non-financial conditions. Not as part of the bond, but as part of its power to hold. Yes, but it's not, with respect, Your Honor, the government's insistence in this example is not based on its power to hold. It's based on its ability to go to the court and say, Judge, hold these people, but I'm not going to make, I can't make the company pay for them. Yet that's what they're requiring here. Hold them and pay for them. We can always settle on a matter that the court could impose. That's all I'm trying to say. A court cannot impose a payment of wages indefinitely. Well, no, no, a payment of wages may be a good one. But that's what we're talking about. It's millions of dollars. Why can't we see this case as you agreed to that? You were given an alternative. Keep the vessel in port during the pendency of the investigation, and you decided you didn't want to do that. The terms for releasing it were set forth in the security agreement. What's wrong with that? Because we didn't agree voluntarily. It was extorted, Your Honor. You could have kept the ship there. How's that an extortion? Because the cost of doing that would have put the company out of business, and it never would have had a chance to challenge anything. But the statute presupposes that the government can retain the ship. We're only talking about an act of grace that allows you to take the ship. The statute presupposes that the government can keep the ship. We don't have any problems with the statute. We don't have any problems if the government chose to keep it. The government, first of all, keeps the ship. In the real world, here's what happens. The ship comes in, the government wants to investigate, holds that ship for a couple of weeks while it collects records, interviews people, takes computers, takes all of its evidence, then says, now that we have that, we want a bond to cover all of the potential penalties. Give us the bond and you can go. But that's not what they did. The bond is an illusion. The bond is an illusion. Not at all. I'm sorry, Your Honor. It is because once you leave and all the people have left, the government can't make its case. So they can't recover against the bond. With respect, Your Honor, it can and here's why. And in this case, it's a classic example. They hold that vessel and they come on board with 20 agents. They take all the, in this case, it's a false record case, okay? They take all the records. They take all the computers. They interview all these people. That's what they do. They get a lot of evidence ahead of time. Then they want people to stay indefinitely because they may want to interview them again. So you know what, company? You want to stay in business. You pay for those people to stay here until we decide they can go, which can be a year. It can be a year. It's a lot cheaper than keeping the whole ship there. Well, you know, the company will go out of business. It's not a question of simply being a lot cheaper. In this case, the company had one ship that would be put out of business. And it could never challenge it. It could never challenge it. Whatever the government wanted to do, it could do it and there would never be a chance to challenge it because you can't survive. And the Coast Guard, quite frankly, doesn't want that ship to sit in port and take a dock that belongs to somebody else. They want it gone, too. Yeah, they might well, and that's why Congress said that you can enter into these kinds of negotiations. That's what the statute presupposes, that it might well be in everybody's interest to allow the ship to leave. Right, but not under this provision of this statute that's at issue here. There may be other circumstances where the Coast Guard or Customs have the ability to engage in things. That's not what they did. They took the ability to get a bond in order to guarantee a payment and turned it in to pay the cost of our investigation. That's what they turned it into. They cannot get that ahead of time. You have a very interesting and decent case that the last provision in there is inappropriately used. The bond or surety doesn't apply to these conditions. But what bothers me is without that section, it seems to me the government has the ability to impose those or to negotiate those conditions as a quid pro quo in letting the ship go. But with respect, Your Honor, the security agreement starts with, pursuant to our power under 19080 to demand a bond, here are the terms of the bond. Maybe they have another statute. All you get out of that, in my view, is a remand. Your Honor, I would suggest that they don't have the authority because it's an over-review. If the court determines they don't have authority, the court can invalidate the security agreement or remand without order to invalidate the agreement. What happens then? What happens then if we invalidate the security agreement? What's next? What's next? Yeah. The government, you know, our clients are still subject to potential criminal prosecution. The witnesses are all gone. Do they have to go back to the port? No. The witnesses are all gone. Why not? The government demanded a bond. We provided the bond. The bond was there. It's being used to pay some penalties. What do you mean it's used to pay some penalties? There were two entities that pled guilty. Oh. But we still have one that's litigating, right? No, there's currently, the two owners have never been charged with anything, criminally or civilly. But they're pending. I'm sorry? Their cases are pending. No. There's been no indictment brought against them. I thought your argument as to why they're standing is precisely that those cases remain possible. The investigation has not been closed. The statute of limitation has not run. They're still required under the agreement to do whatever the government wants. That's why I said it's still pending. Yes. Well, the investigation is pending. Correct. Okay. Correct. Great. We'll give you some time back. We'll hear from the government now. We're sort of confused, counsel, because the basis upon which you prevailed in this report doesn't make as much sense to us as just relying on the part of 1908 before you even get to the six-surety. And the notion that this is under-viewable seems a little silly to me. Well, Your Honor, I'm sorry about that, but your case is, in fact, Your Honor has authored several of them. I'm sorry? Suggests that the phrase satisfactory to the secretary confers great discretion on the secretary. I'm sure it has great discretion with respect to the amount of the bond. Your Honor, I entirely disagree. I understand that's what the district court said. Suppose the secretary said you can leave if you leave your oldest child. Your Honor, I suspect that would be an unconstitutional condition that there would be an action. So it would be reviewable, right? But not in a direct action under the APA. It's not our position, Your Honor, that none of the conditions are ever reviewable in any form. And, in fact, there's the 1904H action. There's actions based on potentially unconstitutional action, ultra-virus action. Our position is only that when Congress authorizes, everybody has already agreed, the Coast Guard can hold the vessel until the criminal proceedings are done. Suppose the bond in this case was $20 billion. Your Honor, the Coast Guard only asked to request a bond in the total amount of the fine. Suppose the bond in this case was $20 billion. $20 billion, okay. Reviewable? No, Your Honor. Well, possibly reviewable in a different action as an ultra-virus action by the Coast Guard, but not under the APA. Because of the language satisfactory to the secretary? No, because I'm assuming that there's some type of action that you could bring to suggest that the Coast Guard was doing something it had no statutory authority to do, but not that it had, in terms of APA review, failed to satisfy the requirement, the only requirement that the bond or surety be satisfactory to the secretary. Why can't you set a $20 billion bond if the point is that you can hold the ship? So the greater power to hold the ship means a lesser power to impose conditions, at least conditions that are not unconstitutional, because there's another source of law that kicks in and says you can't do that. Your Honor, I suppose I'm making a kind of practical assumption in here that $20 billion far exceeds the value of the ship. And so, I mean, in legal theory, I assume that the lesser power does include the lesser, but in my mind I'm thinking that a $20 billion bond would be excessive. It does seem grossly excessive, of course, for any legitimate purpose. But I guess it seems to me that if your argument is because the statute says satisfactory to the secretary, ergo what is satisfactory to the secretary is unreviewable because the secretary him or herself gets to make that determination, then if the secretary for some reason decides not that I'm going to only give a surety or bond opportunity only to ships that are captained by females as opposed to males because then you'd have an equal protection problem, but I'm just going to have a really, really exorbitant bond. Your Honor, I do think that there might be an opportunity in a different type of action. I think that the $20 billion bond would be unreviewable in an APA action as to whether or not that was satisfactory to the secretary. What is the action that allows for review? I think you could probably bring some kind of ex parte young action or something for actions that are unconstitutional, but what is ultra-virus? It's APA. Not in this case. It's unlawful. Well, but in this case, if the claim was that the bond of surety was reviewable, if it's... Counsel, let me divert a bit. All three of us were interested, if I gather what my colleagues were saying, that even if the last portion of 1908 were not in the statute, that the secretary was authorized to hold the ship, if there's reasonable cause to believe that the ship owner may be subject to a fine or civil penalty, fine being criminal, why could you not, under that theory, without regard to the bond, simply say to the ship owner, we can hold you until there's final prosecution, or we can let you go with these conditions? Why can't you do that without ever mentioning the bond? I think we absolutely can, Your Honor. So why don't you say that in your brief? You're arguing that you can do this as part of the bond, trying to shoehorn it into the bond. Or in your security agreement. In your security agreement, you say this agreement in its entirety constitutes surety satisfactory to the Secretary of Homeland Security per 1908. Right, because we have statutory authority. And, Your Honor, one of the things here is... But my point here is you're not... We've been all advancing the greater includes the lesser argument as a possible grounds for this. But that's not an argument you all have made. You've rested it entirely on the concept of surety. Why do you do that? There's other statutes. Section 1903 gives you the authority to enforce the MARPOL protocol. That seems to me a far better basis for this. I'm just really puzzled by the legal theory. And, obviously, we run into a Chenery problem with that. Your Honor, if there's something we've overlooked, and the Coast Guard has a power that it could use in the alternative, nonetheless, since Congress said you can hold the vessel or you can allow it to depart on terms of a bond of surety satisfactory to the Secretary, the Coast Guard understandably says these are the conditions we want. Yeah, right, and I might be speaking just for myself here at this moment because I'm not entirely unconvinced that you have the authority under the provision that you identify. But I guess why isn't your argument that we might capture it in the scope of a surety agreement, but that's just a formality. If that's form over substance, we could have set up a separate piece of paper that had that agreement, too. We happened to put it in the context of a surety because we wanted to streamline the negotiation. But in concept, what this is is it's just a condition. We have the ability to hold the ship forever. We're imposing conditions. We're offering conditions, not imposing. We're offering conditions under which you can agree that gives us assurance. I'm going to try to avoid using the word surety. It gives us assurances that we need in order to let the ship go. We're wrapping it all up under one tidy bow because it streamlines things, but that's what we're doing because we have the greater power to hold the ship forever. That's pretty much what's going on here. If that's what's going on, then can I ask you this question about reviewability? It seems to me that before we get to the question of whether the Secretary's action is reviewable, we have to address the question of whether the Secretary's action is lawful. If the other side's argument is the law doesn't permit the offering of nonfinancial conditions at all, it seems to me your argument in response can't be we have unreviewable authority. It's that, A, yes, it does. We can offer nonfinancial conditions. And then once we do that, the case is over because their legal challenge is gone. We don't even get to the question of reviewability as to that because we have to answer that predicate question before we can get to reviewability at all. Your Honor, perhaps that's why the COSCA does it the way it is because the assumption that everybody is making here is the basic assumption that appellants make, which is that you can't have a nonfinancial condition in a surety, which is simply not correct. And in our view, the notion that the Secretary… You're still… What about the proposition that you have that authority without regard to the surety of the bond? That's what we're probing you on. Can you be… I think that this question actually was more to the point of, you know, can we decide the reviewability legality question? I think the question is for purposes of whether it's reviewable. If bond or other surety satisfactory to the Secretary can legitimately include these nonfinancial conditions, then it is a pure reviewability question. No, but you've already built in the predicate because you're assuming that the statute allows for negotiation over nonfinancial conditions. I am because… And then you're saying if you assume that, then the Secretary's decision is nonreviewable. I guess my point is just that we have to first decide that the statute allows the parties to enter an agreement about nonfinancial conditions before we can get to it. Right. But, Your Honor, the idea that there can be a surety that has no nonfinancial conditions is just a… It's a miracle. There are nothing… No bond says $2 million. End of story. And there's all kinds of different bonds. There's performance bonds and maintenance bonds and bonds under ERISA. And here the only thing Congress said is it's a bond or surety satisfactory to the Secretary. I have to say, I found it surprising, I guess, in your brief that one of the most critical sentences in your brief was the point that sureties and bonds involve nonfinancial conditions. Right. And then there's not a citation after that. It's just a statement. Yes. And then it goes to the next… I wondered about that, too. And I wondered, I mean… Your Honor, I would be happy to write you a brief about ERISA bonds. You could have just cited the world's leading authority on bonds, a surety or something. Right. Because that statement is just made nakedly without… No, but even the idea that there can be only financial conditions is just incorrect. Like, even here is the… How do you respond to the argument on legislative history? We know the history of this phrase. We know where it came from. Right. We know the treaty it came from. We know how Congress viewed it. And that argument is that it was all about financial assurances. Right, but Your Honor, that the financial assurance secures an obligation. And contrary to what opposing counsel says, it is not true that without the assurances that the criminal prosecution can go forward. For example, things that we can only get through agreement and negotiation with the vessel interests, jurisdiction of the criminal court. I don't think once that vessel's gone and is beyond the territory… What about making the company pay for the crew as they stay in port for a year while the investigation goes forward? Your Honor, those provisions are primarily for the protection of the seafarers. It's not to make the company… Is that a surety? I mean, I thought a minute ago you were talking about surety being part of the… It's part of the obligation that the money secures. And if you look at the security agreements, they say the security agreement is to pay the fine and… Is this the way to characterize your argument, then, that it seems to me that the way we're looking at it is regardless of whether the particular language, mandra, the surety, involves or can incorporate non-financial conditions, there's authority within the clause generally to incorporate non-financial conditions. But let's just put that to a side and let's just focus on these particular words. I take it your argument is even if mandra, the surety satisfactory to the secretary, primarily connotes financial conditions, there's always a sliding scale because I might say it's $50 if there's no non-financial… I might say it's $1,000 if there's no non-financial conditions. But I might say I can negotiate it down to $500 if there's a bunch of non-financial conditions that satisfy me. So that there's always, even when you're talking about financial conditions, you're necessarily talking about non-financial conditions too because the dollar value is always in flux depending on what else you're going to agree to. So I'm offering you a mix of stuff. I could offer you $20 billion, which you could never do, or I could say I'll do $2 million if you give me all these assurances, which is still financial, it's just that you're… That's exactly right, and part of the point of this is that these are negotiated. I know this is language about extortion, but there are negotiations. I want to ask you one question, counsel. Is it your position before this court that your entire case depends on the proposition that bond or other assurity can include non-financial conditions? And if we disagree with that, you lose. No, Your Honor. Not at all. For example, we have standing arguments and there's nothing… Let's assume the standing of mootness. I do want to get to that point because there's some things I want to correct. Let's assume argument that there is standing and it's not moot, okay? All right. Is it your position, after listening to all this dialogue, that if we conclude that bond or other assurity cannot include non-financial conditions, then you lose? No, Your Honor, because we would then defend the whole… The district court made the same conclusion, that there could be assurity that had only financial conditions, which I think is where you're tending. And the court said none… Counsel, I misunderstood. What did you just say? I said the answer is no. So even if you conclude with the district court that it can only include financial conditions, that there's still discretion for the secretary by the terms of may. The secretary has to hold the vessel pending the prosecution. The secretary may allow the vessel to depart and… Upon the filing of bond or other assurity… Yes. Are you saying that that may language isn't tethered to the filing of a bond or other assurity? No, but what you suggest… You're not saying that? It is tethered to it, Your Honor. But here's the real world with real ships and real conditions, so what would happen would be… And if there is, show me the language. Okay, well, our first answer is yes. Now, show me the language. Assurity satisfactory for the secretary. And my second answer is it's in may, because let's say that Your Honor say the only thing that the government can decide is the amount of the bond, okay? All right, fine. So they say… Counsel, are you ignoring what both Judge Srinivasan and I have discussed? I really hope not, Your Honor. I really hope not, too. Did you follow the question I put, for instance, whether or not without regard to the language involving bond or other assurity, the government would have the right to hold the ship? Yes, it would. Therefore, it would have the right to propose to any ship owner these conditions in return for allowing the ship to go without regard to the bond or assurity. Correct. So then the answer to my question is, even if we concluded bond or assurity does not include non-financial conditions, you would still take the position now that you could ask for non-financial conditions in return for allowing the ship to leave? That would be very eloquently put, Your Honor. Yes, that's correct. So you'd modify the position you've taken in the case to include that? To include that, yes, Your Honor. Is it proper for us to consider that? Yes, Your Honor. On the appeal, or would we have to remand if we thought that was like? I think you could consider it on appeal. It's a pure legal issue. We're on summary judgment. We're not reviewing an agency action. We're reviewing a district court decision. Reviewing a district court decision, yes. But I would just like to address the standing point because there are a few misconceptions. There are no ongoing criminal proceedings. There's a very good reason why the operator pleads guilty and agrees to pay the fines and not the owner. The owner is almost always an undercapitalized shell company, as counsel said, that they just own this vessel. And so when the vessels come in and they've violated MARPOL, the most important thing for the government, solicitousness for the seafarers, but also making sure that there are not further MARPOL violations. So I get why the government, as a practical matter, is going to want to get the operator to plead guilty because they think that addresses the issue. But I still don't understand how that gives the owner assurance. The owner is still subject to the terms. Your Honor, this. Your Honor, the security agreements are intended, as Your Honor pointed out at the beginning of this, to make sure that there will be a prosecution. We don't have the ship, but we do have records that are authenticated. But could you still prosecute the owner? No, I don't believe so. Why not? Because we have the evidence that's been got. The security agreements that we have. Is there a legal bar against prosecuting the owner? Maybe there's some practical. Maybe the government doesn't want to. If I was the owner, I wouldn't. Boy, I sure wouldn't be satisfied by the government telling me, believe me, really, it's unlikely I'm going to come after you. Your Honor, the truth is it has to be more than speculative to amount to an injury. So I think Your Honors can look and say the government. Then why are they part of the agreement at all? Sorry? Why are they part of the agreement at all? Why are they subject to the conditions at all? The government must have had some reason for subjecting the owners to the conditions. Well, perhaps at the time that the agreements were effective, there was some reason for that. But at this point, the money has been paid out. The fines have been paid. The compliance plan is even— So if you were the lawyer for the owners, would you tell them, don't worry about it? There's no possibility of prosecution even though— I would. I would say there's no jurisdiction. I would say there's, you know, the agreement's being completed. There is jurisdiction because the owners are still subject to the conditions. The witnesses are gone. There's no way for the government to make its criminal case. And I would just like to add— Has there been any fines imposed? Yes, Your Honor. How much? So in the Agios Melianos, it was $2 million. And for the Stellar Wind, it was $300,000. So they got $200,000 back from their bond. I'm sorry? Because in the Stellar Wind case— No, what was the total amount? $2 million for the Agios Melianos and $300,000 for the Stellar Wind. And what was the amount in the bond? The Agios Melianos posted $1.25 million, and the Stellar Wind posted half a million. So you don't have enough in the bond to cover the fines? I believe that the—well, and one, there's too much in the bond, and the other, there wasn't enough. But I believe the fine was paid. If it wasn't, I'm not aware of that. Could the government then just decide to disband the agreement vis-à-vis the owners? Well, the government paid the money back to the Stellar Wind people. No, but I'm just saying, if you really wanted to hammer home the point that there's no possibility that anything further could happen to the owners, why can't you just get rid of the agreement vis-à-vis the owners? Why can't you just annul it? I mean, in our view, there's nothing left of the agreement. Right, so why not annul it? So why not formally—it just seems to me, if I'm the owner— I suppose we could. I mean, there's nothing left for us here for that. What about the argument of repetition? Well, Your Honor, it's not capable of repetition because of the Supreme Court cases that say you can't— if your complaint is about the way you're treated as a criminal defendant, you can't allege that you're going to appear and commit crimes again. So they would have to allege, and it would have to be more than speculative, that there would be reasonable cause to believe, as their ships came into port, that marital violations had been committed. And the Supreme Court says, you just can't do that. That's not acceptable. And that seems fair and reasonable to us. You may be right about that. Although there is one Supreme Court case that's a little— which Judge Ruth Ginsburg wrote, which is a little different about that. But put that aside. If you want to challenge the criminal statute, there's also a law that says you don't have to violate it. There's no challenge to Marpol here. It's not just criminal. It's civil, too. Or civil. There's no allegation here that Marpol is unconstitutional. There's no allegation that Marpol is unconstitutional or that they want to do that. And there's still civil liability, isn't there? Not with—well, again, not with respect to these particular incidents. Why not? I don't understand what's stopping the government from going after the owners. Suppose the government comes across some more evidence that says, you know, actually there was more dumping than we thought. Why can't they go after the owners? I'd want to. I mean, that isn't jurisdiction, for one thing. I mean, the vessel would have to— Well, there's no— Because the agreement's still in effect. Well, Your Honor, I suppose if we can—perhaps what we need to do— the agio similianos is not any longer in effect because that agreement actually says, within the terms of the agreement, this agreement ends once the— Right, so I think there's a debatable proposition as to whether the owner, in that instance, can be reasonably assured that the criminal case has ended or whatever the language of the agreement is. But if you put that case to one side and the other case, there's no such provision in the agreement at all. There isn't. So the owner is still subject to an action. Your Honor, I think before we had this conversation, everybody was under the impression that there would be a set of incidents the government would, you know, prosecute if it's doing the criminal generally, not the civil. There would be an agreement. As I say, the main point is that one major point is the Marpole compliance plan. And, you know, the authenticity of the documents, the jurisdiction over the criminal case, the witnesses. And for the crew members, it's—the crew members aren't parties to the agreements, Your Honor, so they have their own ability. We try and make sure that they have representation, either from lawyers that are not associated with vassal interests, and sometimes that's federal public defenders. But the critical part of these crew member provisions is not to have somebody else pay for it, but to make sure that the crew members have options. Because if, you know, if they end up being material witnesses, so be it. But that's not necessarily a particularly pleasant thing for the crew member himself or herself. So these are very important provisions, and the Coast Guard will negotiate on the money side to make sure that there is money available to take care of the crew members in a proper and appropriate way. Thank you very much for your argument. We'll give you back three minutes. Thank you, Your Honor. I'll try to only take two, if I can. We'll just make two or three points. Number one, I want the Court to understand, nothing about this interferes with the government's ability to prosecute. The statute of limitations has not run, and I would certainly contact my malpractice carrier if I said to an owner, well, there's a year left to go, but don't worry, nothing's going to happen. The statute of limitations has not run as to either the owner, either of the owners, nor has the statute run in civil as to anybody. So there is a possibility of prosecution. There's no question about that. But let's look to the most important thing, which is what Your Honor has asked me in the first place and what counsel for the government just addressed. There are a number of conditions in this that have been demanded. One is pay for everybody to be here. Yes, there's a material witness provision that says the government can file with the court a motion in order to get people held as a material witness, but they can't be forced to pay for it under any circumstances, nor can they be forced to pay for it at any time unless there's a condition of probation they agree to reimburse the government. They can't be forced to agree to pay that. Now, under the material witness provision, if you're detained as a material witness, you as an individual have the right to go into court and say, wait, wait, it's been too long. But under this agreement, even though rights are preserved, here's what happens in the real world. We agree we're going to hold somebody. The individual's lawyer says, I want the person to leave. The government said, we didn't file a material witness warrant. You're here because the company agreed to keep you here. You can't do anything. So you have no rights in the real world. That's what's really happened. Isn't the single most important condition here that you agree to the jurisdiction of the union? We have agreed to the jurisdiction, which is in the agreement, which we don't dispute that we had agreed that that's a condition they can have for purposes of paying the fine. We're not challenging that particular condition. We're challenging things like you will help us serve the union. Well, that's a non-financial condition. I'm sorry? That's a non-financial condition. No, it's part of the surety bond. It's part of the actual bond. You have to agree to the jurisdiction of the court in order for the bond to be collected on. Why? I mean, I get that you're saying it's part of the surety, but why would you acquiesce in that? Because I thought your point was there can be no non-financial conditions, and that is a non-financial condition. We don't disagree that's a standard condition in a surety bond in order to guarantee you can collect on the bond. So sureties can have non-financial conditions. The standard surety agreement that's used has that one provision in it. It has some non-financial conditions, but not a lot. I thought your point was more black and white, that surety means financial. Nothing non-financial fits within the compass. Once you say, actually, the language surety encompasses non-financial conditions, it becomes a little more complicated to say, well, the government's limited to non-financial conditions that are standard non-financial conditions. I don't know what those are. Where do you find those? Because the jurisdictional issue is an inextricable issue that you can't levy on a bond if you don't have jurisdiction over the party. You can't do it. So it's okay to waive objections to both in persona and under the jurisdiction for purposes of collecting on the penalty under the bond. Mr. Hartman, let me ask you. If we agreed with you that the Secretary doesn't have authority under 1908 to add non-financial conditions, if we came to that conclusion, I'm not saying we're there, but if we came to that conclusion, but we also thought that the authority that the Secretary had to detain a vessel included the lesser authority to condition the release of it, what do we do then? Because that's not an argument the government has made. What do we do then? Remand to the district court to brief this? Or does the government lose? I don't think it must be remanded because in this case, the only issue that was raised was their authority, and the only thing they asserted was their authority to do it under the surety bond provision. The agreement doesn't say because we can detain this vessel. No, but I think opposing counsel makes a – the government counsel makes a pretty persuasive point that the district court assumed that surety and bond was limited to financial, but the district court still ruled against you. So I don't understand why we need to remand because – or why we need to do anything other than affirm because now the niceties of the logic might be a little bit different, but it's true, I think, that if you read the district court's decision, the district court said bond to surety is limited to financial, but still because of the word may, another part of the statute, there's discretion to impose or to negotiate over non-financial conditions. In other words, the district court's opinion is different from the government's argument. Right. Yes, it is. Your Honor – So we're reviewing the district court's opinion. Well, I mean, because this is a de novo review, I think you sit in reviewing the ultimate agency action regardless of the district court's opinion. You don't defer to that at all. It's a legal question of whether the district court was right, and it's de novo review. It's as if, frankly, the district court doesn't exist for purposes of your review because it's de novo legal. But what I would suggest is that the reason why your example can't happen is you have to ignore the very regulations. I know you said it's just the Department of Homeland Security, but the fact is their regulations clearly distinguish between customs and Coast Guard and who has what power. So you have to say we don't care about their regulations. We don't care if the customs issue has this authority and Coast Guard has this authority. But that's the regulation. Your argument is under the statute, under the statute. And now the way the statute operates after all the reconfigurations of DHS and customs leaving Treasury and coming into DHS and all that is that there's one secretary, and that secretary is the same person who decides whether the bond assurity is satisfactory and then whether to grant the release. But under the regulations, it's not. Well, ultimately, the secretary has been delegated, and the regulations say exactly what we say. The bond is decided by the secretary. When the secretary decides the bond is satisfactory, then he notifies the port director, which is customs, and customs makes the decision. And if this had a record that said customs said you have to do these things, we'd be in a different situation. But that's not our case. That's not the record. One last thing, if I may. We talk about negotiations and money here and conditions here. If you examine the record, you will see in this case, and if you look at the Bottiglieri case and the Florida case that were cited, there's no negotiations. You look at what they demanded. We wrote pages saying don't demand this. No. No negotiation. We wrote pages to the area commandant, please change this. No. No discussion. No negotiations. We wrote to the commandant. No. No discussions. No negotiations. All of these non-financial terms that we go out and help them serve subpoenas, that we authenticate documents, that we pay the wages for employees, were not negotiable. They were not negotiated. And if the government can find one scintilla of evidence in the record that says this wasn't negotiated, I change my position. But they are not. They are demanded. If that wasn't the case, I wouldn't say it. They are demanded. Did you agree to them? We had to agree to them to stay in business. Did you agree, yes or no? Under protest, subject to reservation of right, under protest we did, because otherwise we wouldn't have even had the chance to appeal this to the Coast Guard. Otherwise they would have held the ship. I'm sorry? Otherwise the ship would have been held. Possibly it would have been held. But holding the ship, again, has nothing to do with the conditions that they imposed. That's your position. Factually, Your Honor, I don't believe it does. What does holding the ship have to do with serving a foreign subpoena? They want you to respond. Thank you very much, Your Honor.
judges: Griffith, Srinivasan, Silberman